
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REBECCA EMILY PERCY, | No. 16-70690 |
| Petitioner, | Agency No. A208-082-462 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 12, 2019[**]
Pasadena, California

Before: N.R. SMITH and WATFORD, Circuit Judges, and HELLERSTEIN,[***]
District Judge.

Rebecca Percy petitions for review of an order of the Board of Immigration

Appeals ("BIA"). The BIA dismissed petitioner's appeal from an Immigration

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Alvin K. Hellerstein, United States District Judge for
the Southern District of New York, sitting by designation.

Judge's ("IJ") decision denying petitioner's application for asylum and withholding of removal under 8 U.S.C. §§ 1158(a) and 1231(b)(3), and denying petitioner's application for relief under the Convention Against Torture ("CAT"). Petitioner, a native of the United Kingdom, testified that she suffered physical and sexual abuse and sexual trafficking at the hands of her parents from the time she was a young child. She argues that she faces persecution and torture if she returns to the United Kingdom.

This Court has jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We review for substantial evidence any factual findings supporting the BIA's determination that petitioner has not established eligibility for asylum, withholding of removal, or CAT relief. *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). Questions of law are reviewed de novo. *Id.* "Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012).

According to the BIA decision, the IJ properly found that petitioner was ineligible for asylum because she could not establish that the U.K. government was unable or unwilling to protect her. *See Knezevic v. Ashcroft*, 367 F.3d 1206, 1211 (9th Cir. 2004) ("To establish eligibility for asylum on the basis of past persecution, an applicant must prove an incident that . . . is committed by the government or forces the government is either unable or unwilling to control."). Substantial evidence

2

supports this determination because officials responded to petitioner's reports of abuse by investigating her claims, removing her from the family home, and providing her with social services like residential care through the foster care system. Though officials were unsuccessful in stopping the abuse and prosecuting the offenders, the government's failure to control alleged persecution is not a sufficient basis for asylum where the investigation was hindered by lack of evidence. *Cf. Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010) (finding authorities investigated but were unable to locate unknown assailants).

The BIA also approved the IJ's findings that petitioner's circumstances had changed because she became an adult and that she could relocate within the United Kingdom to avoid her abusers. Substantial evidence supports that determination. All of petitioner's past abuse was confined to a single city, where her parents lived, when she might have been too young to travel to another part of the United Kingdom. This is a sufficient basis to deny asylum even if petitioner had established past persecution. 8 C.F.R. § 208.13(b)(1)(i); *Deloso v. Ashcroft*, 393 F.3d 858, 863-64 (9th Cir. 2005). For the foregoing reasons, substantial evidence also supports the decision of the IJ and BIA that the more stringent standard for withholding of removal could not be satisfied. Petitioner is not able to demonstrate a clear probability that she would be

persecuted if she returned to the United Kingdom and moved away from her parents. *See Navas v. INS*, 217 F.3d 646, 655 (9th Cir. 2000).

To qualify for relief under CAT, an applicant must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). An applicant also must show that the torture was "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Substantial evidence supports the BIA assessment that petitioner failed to establish she would likely be tortured with the consent or acquiescence of the U.K. government. The government's investigations and provision of social services demonstrate that it was not willfully blind to her torture.

Finally, petitioner argues that she should have been granted humanitarian asylum, but she failed to raise that issue before the BIA. Petitioner's "'[f]ailure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.'" *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) (quoting *Vargas v. U.S. Dep't of Immigration & Naturalization*, 831 F.2d 906, 907-08 (9th Cir. 1987)). Therefore, we will not consider the issue of humanitarian asylum.

**PETITION DENIED.**